# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Lauren Cook, | Civil Action No.: 4:13-cv-00700 |
| Plaintiff, | |
| v. | |
| Capital One Auto Finance, Inc., | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Lauren Cook, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Lauren Cook ("Plaintiff"), is an adult individual residing in Shelbyville, Tennessee.

5. Defendant Capital One Auto Finance, Inc. ("COAF"), is a Texas business entity with an address of 3905 North Dallas Parkway, Plano, Texas 75093.

## FACTS

6. Within the last year, Defendant contacted Plaintiff by placing as many as ten (10) calls daily to both Plaintiff and her husband's cellular telephones concerning an auto loan.

7. At all times mentioned herein, Defendant placed calls to Plaintiff using an automated telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered the ATDS calls from Defendant, she heard dear air for a few seconds after which a live representative came on the line.

9. When Plaintiff was unable to answer Defendant's calls, Defendant left automated messages with a pre-recorded and/or artificial voice on Plaintiff's voicemail offering better payment options for Plaintiff's account.

10. During conversations, Plaintiff requested Defendant cease all ATDS calls to both her phone and her husband's as they were extremely excessive and harassing.

11. Despite such requests, however, Defendant continued to hound Plaintiff with ATDS calls to her cellular phone.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendant's telephone systems appear to be a combination of ATDS and predictive dialers. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. In the event Defendant at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent to be contacted by Defendant by her repeated demands to cease calling her cellular telephone.

18. Defendant continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

22. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and

2. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 22, 2013

        Respectfully submitted,

        By */s/ Jody B. Burton*

        Jody B. Burton, Esq.
        Bar No.: 71681
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: jburton@lemberglaw.com
        Attorneys for Plaintiff